Reese, J.
delivered the opinion of the court.
Moss and Jackson verified their account by oath, and annexing the authentications required by the act of assembly, transmitted it to another county; suit was brought thereon before a justice, and the defendant, on trial, claimed and obtained a set off, and judgment was given against them. They presented a petition for a certiorari, showing that the set off was improperly allowed, and stating their absence from the place of trial, and want of knowledge that the set off had been allowed, as the reasons for not appealing. In the circuit court the writ was dismissed. In the case of Porter vs. Wheaton, 5 Yerg. 108, it was held that the statement of a plaintiff, that he had no notice of the time and place of trial, and that he did not know of the cross claim set up by the defendant, was insufficient as a reason for not appealing. These and like cases determined by this court must govern the present., It is said, a different rule ought to prevail in cases of accounts verified according to act of assembly. We are at a loss to see wherefore; the account thus verified, like a bill single, will be taken as true, unless denied on oath by the other party. But they may each be denied on oath by the defendant, and if that be not done, they are each subject to be resisted by various defences such as payment, *150 set off, &c. The character of the testimony, as being more or less conclusive, upon -which the plaintiff relies for recovery, cannot change the legal consequences of his neglect to attend to his suit by himself or his agent. The writ was properly dismissed in tips case, and we affirm the judgment.